UNITED STATES *v.* FIRST NATIONAL PICTURES, INCORPORATED, ET AL.

No. 95.   Argued October 27, 28, 1930.—Decided November 24, 1930.

*Assistant to the Attorney General O'Brian,* with whom *Attorney General Mitchell* and *Messrs. Claude R. Branch* and *Charles H. Weston,* Special Assistants to the Attorney General, were on the brief, for the United States.

46

*Messrs. Cornelius W. Wickersham* and *John W. Davis,* with whom *Messrs. Henry W. Taft, Paxton Blair, Arthur L. Fisk, Jr.,* and *Gabriel L. Hess* were on the brief, for appellees.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

The court below denied the relief sought by the United States. The parties are the same as those in *Paramount Famous Lasky Corporation* v. *United States*, just decided, *ante*, p. 30, and the opinion there contains sufficient description of them, their business and operations.

In 1926 the Appellee Distributors caused each of the thirty-two Film Boards of Trade to adopt written rules for establishment and operation of a local credit committee. These Committees were promptly organized and have continued to function as required. The prescribed rules provide—

That to correct abuses and unfair practices the president shall appoint a credit committee of three members to investigate and report the names of all persons who have acquired, by purchase or transfer, theatres in the territory within which the Film Board operates. The secretary of the Film Board shall be secretary of the committee and to him sales and transfers of theatres shall be promptly reported. These shall be placed upon a "Credit information list" and copies furnished to all members of the Film Board for their confidential information. Upon receipt of such list each member shall advise the secretary concerning its existing contracts for exhibition of pictures at the listed theatre and shall state whether the transfer provided that the new owner should assume and complete outstanding contracts.

That immediately upon receiving information of the transfer of a theatre the secretary shall request the new owner to furnish within five days references concerning his credit standing, etc., and to secure this information a prescribed form of questionnaire shall be sent out. The credit committee shall meet weekly to examine and report

upon the credit standing of new owners and furnish a copy of their report to members as confidential information. If a new owner fails to respond to the questionnaire, this fact shall be noted upon the credit information list. Also the credit committee shall indicate on the list every sale or transfer of a theatre which upon investigation it concludes was made by the previous owner for the purpose of avoiding or being relieved of uncompleted contracts for exhibiting pictures at such theatre. There shall also be indicated opposite the name of each theatre listed (excepting those whose new owners have agreed to assume and complete all existing contracts entered into by the prior owners, and of which agreement notice has been given to or received by the credit committee) the amount of cash security, not exceeding $1,000, which in the judgment of the committee is a reasonable sum that members shall require to be deposited as security for the full and complete performance of each contract thereafter made and entered into for the exhibition of pictures at such theatre.

That no member of the Film Board shall enter into a contract for the exhibition of pictures at any theatre listed on the credit information list for a period of ten days from the date of the first appearance of such theatre upon the list nor thereafter unless the new owner or lessee of such theatre shall have paid in cash to such member with whom such owner or lessee desires to contract for pictures the amount of security specified on the credit information list. Certain contracts for " spot-booking," that is for a picture to be delivered in the immediate future, may be made within the ten day period and prior to the committee's report. The credit committee may from time to time remove from the credit information list the name of any theatre owned or operated by a new owner and thereafter members of the Film Board may contract with him.

That members upon demand of the credit committee shall furnish desired information, permit examination of books and records with respect to any exhibitor who has sold or transferred his theatre and has failed to provide for the assumption by the new owner of existing contracts. A member of the Film Board who violates any of these rules shall be subject to suspension or expulsion.

A copy of the " Questionnaire " is printed in the margin.* It asks for many particulars concerning the new

---

* Please answer each question, sign and return to—

CREDIT COMMITTEE

............FILM BOARD OF TRADE

Address...............

1. Name of theatre...............................................

2. Street address................ City and State..............
Population of city............. Seating capacity.............
√ Policy:  Pictures ( ) Vaudeville ( ) Road Shows ( ).......
Number of days open each week........ Time of first performance.........a. m.........p. m.
What days do you have matinees............... Time of first performance ..........................................
Telephone No. of office.............; of residence............
Name of person, firm, or corporation, operating theatre........
..........................................................
If a corporation give corporate name.........................
Name of president............................................
Name of treasurer............................................
Name of secretary............................................
Name of general manager......................................
Is stock of corporation or a substantial amount thereof owned or held by another corporation?.............................

If so, give name of corporation and names of officers and directors....
..........................................................
If partnership, give names of partners.......................
..........................................................
Who is authorized to enter into and sign contracts...........
..........................................................
3. How will the contracts be signed..........................
4. Is theater owned or leased............If leased, state expiration date of lease....................................

owner or transferee of the transferred theatre and especially demands specification of outstanding contracts for film service made by the previous owner and a declaration as to whether the new one has or will adopt them.

5. Name of lessor.........If owned, state name of owner.........
6. On what date was theater taken over......................
7. Place where and date of recording bill of sale.................
8. Admission prices.........................................
9. Condition of projection machines...........................
10. Have you or your operator inspected them, if not, do you agree to have them inspected within thirty days.....................
11. Model of machines...........................Year.........
12. Name theaters heretofore conducted, stating location of each.....
.........................................................
13. If you have never been engaged in the exhibition of pictures, state previous business.........................................
14. Bank references.........................................
15. Other references.........................................
16. Specify contracts for film service made by previous owner:

Name of distributor     Date of contract     No. pictures unplayed
.........................................................
.........................................................
.........................................................
.........................................................
.........................................................
17. Specify contracts you have assumed.........................
.........................................................
18. If you have not assumed the previous owner's contracts, will you assume them?........................................
(If your answer to this question is "yes," fill out and sign the attached agreement of assumption.)

The undersigned represents and warrants that the answers to the foregoing questions are true and are made to induce the members of the above-named film board of trade to contract with the undersigned owner or lessee for the exhibition of motion pictures at the above-named theater.

Signature...........................

Owner     Lessee     (strike out one).

Dated.....................:.19

The definite point of attack in this proceeding is the agreement for the creation and operation of the Credit Committees and their use under prescribed rules to restrict freedom of sales by Distributors and of purchases by Exhibitors.

---

Assumption of Contracts

..........................19..

Know all men by these presents, that the undersigned..............

owner
lessee of the ............ Theatre, in consideration of one dollar lawful money of the United States in hand paid, the receipt of which is hereby acknowledged, and other valuable considerations, hereby agrees to assume, carry out, and fully perform each of the contracts now existing between .......................... and the following
(Name of previous owner)
distributors:

...........................................................................

...........................................................................

...........................................................................

...........................................................................

...........................................................................

for the exhibition of pictures at said theatre from the above date.

| Distributors | Date of contract | No. pictures unplayed | Class | (features, comedies, news, other shorts) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

..........................................
(New lessee   New owner)     (Strike out one)
..........................................Theatre
Address..........................................

Statement of financial condition

Statement of................................................

Individual     Corporation     Partnership (strike out one)
Operating................Theatre

To Credit Committee of the Film Board:

For the purpose of inducing the members of the film board of trade to contract with the undersigned owner (or lessee) for the exhibition

Ten Producers and Distributors of films, controlling 60% of the business, agreed to contract with Exhibitors only according to a Standard Form and then combined through thirty-two local Film Boards of Trade with other Distributors, who with themselves control 98% of the entire business. The Film Boards appoint Credit Committees and these operate under the Rules above outlined. The obvious purpose of the arrangement is to restrict the liberty of those who have representatives on the Film Boards and secure their concerted action for the purpose of coercing certain purchasers of theatres by excluding them from the opportunity to deal in a free and untrammeled market.

Reference to what has just been said in *Paramount Famous Lasky Corporation* v. *United States, ante*, p. 30, and to the opinions in *Eastern States Lumber Assn.* v.

---

of motion pictures at the .................... Theatre, I (or we) warrant and represent that the following is a true and correct statement of my (or our) financial condition on the ........... day of ......................., 19.., and agree that in case any change occurs that materially reduces my (or our) ability to pay all claims and demands against me (or us) or materially increases my (or our) liabilities or decreases my (or our) assets, I (or we) will forthwith notify you in writing to such effect.

| ASSETS | | | | LIABILITIES | | |
|---|---|---|---|---|---|---|
| Cash on hand, and in bank | | | | Notes payable | | |
| Notes receivable | | | | Money borrowed | | |
| Real estate (how valued) | | | | Accounts payable | | |
| Furniture and fixtures | | | | Mortgages—real estate | | |
| Screen, machines, chairs | | | | Chattel trusts | | |
| All other assets consisting of: | | | | Mortgages on personalty and fixtures | | |
| | | | | All other liabilities consisting of: | | |
| Total | | | | Total | | |

Net worth as of this date $........................

........................

*Exhibitor.*

*United States*, 234 U. S. 600, *United States* v. *American Oil Co.*, 262 U. S. 371, *Binderup* v. *Pathe Exchange*, 263 U. S. 291, and *Anderson* v. *Shipowners Assn.*, 272 U. S. 359, will suffice, we think, to show the challenged arrangement conflicts with the Sherman Act.

The court below erred in reaching a different conclusion and its decree must be reversed. The cause will be remanded for further proceedings in conformity with this opinion.

*Reversed.*