## QUITTNER et al. v. MOTION PICTURE PRODUCERS & DISTRIBUTORS OF AMERICA, Inc., et al.

District Court, S. D. New York.

March 17, 1931.

Graham & Reynolds, of New York City, for plaintiffs.

Elek John Ludvigh, of New York City, for defendants, other than Motion Picture Producers & Distributors of America, Inc.

Gabriel L. Hess, of New York City, for defendant Motion Picture Producers & Distributors of America, Inc.

Louis Phillips, of New York City, on the brief, for defendants.

COXE, District Judge.

This is an application by the defendants to strike out paragraphs fifteenth, sixteenth, seventeenth to twenty-third, inclusive, and thirty-eighth, of the complaint, on the ground the allegations are repetitious and irrevelant. The motion is made under rule 103 of the New York Rules of Civil Practice; and it is not resisted by the plaintiffs in so far as directed against paragraphs fifteenth and thirty-eighth. It is insisted, however, by the plaintiffs, that paragraphs sixteenth to twenty-third, inclusive, relating to the uniform exhibition contract and the litigation with the government culminating in the Supreme Court decisions in Paramount v. U. S., 282 U. S. 30, 51 S. Ct. 42, 75 L. Ed. 145, and U. S. v. First National, 282 U. S. 44, 51 S. Ct. 45, 75 L. Ed. 151, decided November 24, 1930, are germane to the issues and should be permitted to stand. The allegations with respect to block booking, as appearing in these disputed paragraphs, are fully covered by paragraph fourteenth, and, to that extent, are plainly repetitious and unnecessary. The same is true also of the allegations in paragraph sixteenth with respect to the building and acquisition of theaters for the purpose of intimidating exhibitors. These are covered by the allegations in paragraphs twenty-sixth to twenty-eighth, inclusive. I think, therefore, that the motion, in so far as it concerns paragraph sixteenth, should be granted.

The remainder of paragraphs seventeenth to twenty-third, inclusive, is in no way connected with any injury to the plaintiffs. The action is for damages sustained as a result of violations of the Sherman Act (15 USCA §§ 1–7, 15), and obviously there must be some causal connection between the violation charged and the injury alleged to have been sustained. In the allegations under attack in paragraphs seventeenth to twenty-third, inclusive, there is nothing to show that the rules and regulations of the uniform contract were in any way invoked against the plaintiffs; nor is there any allegation indicating that the plaintiffs suffered any injury or sustained any damage as the result of the adoption or use of the contract, or the rules and regulations involved in the Paramount and First National Cases. In the absence of such allegations, these paragraphs have no proper place in the complaint. Keogh v. Chicago & N. W. R. Co., 260 U. S. 156, 164, 43 S. Ct. 47, 67 L. Ed. 183; Locker v. American Tobacco Co. (C. C. A.) 218 F. 447, 448; Sullivan v. Associated Billposters & Distributors of U. S. (D. C.) 272 F. 323, 328; Jack v. Armour & Co. (C. C. A.) 291 F. 741; Hart v. B. F. Keith Vaudeville Exchange (C. C. A.) 12 F.(2d) 341, 345, 47 A. L. R. 775.

The motion is therefore granted, striking out the paragraphs of the complaint numbered fifteenth, sixteenth, seventeenth to twenty-third, inclusive, and thirty-eighth.