PIGOTT et al. v. POE, Internal Revenue Collector (two cases).

Nos. 5996, 5997.

Circuit Court of Appeals, Ninth Circuit.
June 1, 1931.

Lawrence Bogle, Cassius E. Gates, and Edward G. Dobrin, all of Seattle, Wash. (Bogle, Bogle & Gates, of Seattle, Wash., of counsel), for appellants.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash., and John R. Wheeler, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

These cases include the same parties, the same question of law and issue of fact, and are submitted together. From a judgment of dismissal, the plaintiffs have appealed.

Summarized, the facts are that appellants, on March 30, 1918, filed income tax returns for the year 1917, and on March 20, 1923 (No. 5996), and March 21, 1923 (No. 5997), additional assessments, without notice, were made. Claims in abatement were filed March 28, 1923, and the statutory period for the collection of the taxes expired March 30, 1923. To avoid distraint, appellants signed an escrow letter, and on June 13, 1923, in compliance therewith, deposited Liberty bonds with the Revenue Department. The additional assessments were abated in part and balance paid. This action is to recover the paid unabated tax.

Appellants contend that the collection of the additional assessment was not stayed within the meaning of section 611 of the Revenue Act of 1928 (26 USCA § 2611), and that the tax would not have been collected within the two days remaining after the claims in abatement were filed. The assessments complained of were jeopardy assessments, made on March 20, 21, respectively, one week before the claims in abatement were filed. Appellants may not lessen the limitation period for collection even two days. The revenue officers were active in the discharge of their official duty, as evidenced by the jeopardy assessments; and when the claims in abatement were filed the limitation was stayed.

The issue at bar was decided by the Supreme Court in an elaborate opinion by Chief Justice Hughes, Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. ——, affirming this court 35 F.(2d) 586, and others. At page 420 of 282 U. S., 51 S. Ct. 186, 190, the court said: "The concern of the Congress lay with the fact that payments had been made after the statute of limitations had run and with the particular situation of taxpayers where claims in abatement had been filed and the collection stayed. Section 611 was to prevent refunding the money if collection had thus been postponed."

As to the contention that the stay must be more than a voluntary stay, the court said (page 421 of 282 U. S., 51 S. Ct. 186, 190): "'Stay' is said to be a term of art, with a meaning opposed to a mere voluntary postponement of action. * * * A 'stay' compelled, rather than voluntarily granted, would be either under a judicial order or by virtue of statutory compulsion. Section 3224 of the Revised Statutes (26 USCA § 154) provides that 'no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.' * * * Section 611 expressly applies where a claim in abatement was filed 'with or without bond.' The word 'stay' cannot therefore be taken to be limited to a mandatory stay. * * * In the case of a taxpayer, believed to be solvent, who had filed a claim in abatement, the postponement of collection would normally take place without agreement. * * * The filing of such claims did not require that there must be a postponement of collection pending decision."

It is thus seen that every phase of the word "stay" appears to be emphasized and applied, and all have effective relation to its application in this case.

Affirmed.