## FOX FILM CORPORATION, Appellant, v. BAILLY, Respondent.

(246 N. W. 111.)

(File No. 7277. Opinion filed Decemper 13, 1932.)

*Bailey & Voorhees* and *M. T. Woods,* all of Sioux Falls, and *L. C. Van Ornum,* of Conde, for Appellant.

*Rex W. Harris,* of Webster, for Respondent.

POLLEY, J. This is an appeal from an order sustaining a demurrer to plaintiff's complaint. The plaintiff is engaged in the

business of selling or leasing films for moving pictures, and is designated in the contract involved in the action as the distributor. The defendant operates a moving picture theater, and is designated as the exhibitor.

On or about the 6th day of January, 1930, plaintiff and defendant entered into a contract whereby plaintiff agreed to furnish to and defendant agreed to accept and exhibit certain designated films at times agreed upon under the terms of the contract. After the contract had been in effect some months, and about the month of July, 1930, the defendant refused to accept or exhibit any more of the said films. Plaintiff carried out its part of the contract by shipping the films as provided by the terms of the contract. Defendant refused to accept or pay for such films, and this suit was brought to recover damages caused by defendant's failure to carry our his part of the contract.

Defendant demurred to the complaint on the ground that it does not allege sufficient facts to constitute a cause of action. The demurrer was sustained, and plaintiff appeals.

██ Paragraph 18 of the contract contains a provision for the compulsory arbitration of differences that may arise out of the contract; and is conceded by the plaintiff to be void. But plaintiff contends that such paragraph may be eliminated and still leave sufficient matter in the contract to constitute a binding agreement between the parties. On the other hand, it is contended by defendant that the contract involved is what is known as the "Standard Exhibition Contract," and is violative of the Act of Congress approved July 2d, 1890, known as the Sherman Anti-Trust Law (U. S. Comp. St., § 8821 [15 USCA § 2]) ; and that, because of the illegal provisions contained in paragraph 18, the entire contract is void, and will not support a recovery. But this contention overlooks the fact that this case is here on demurrer to the complaint, and there is nothing before us except what appears on the face of the complaint. There is nothing in the complaint to indicate that the contract violates the Anti-Trust Law, or that it resulted from a combination in restraint of trade. This case is on all fours with Columbia Pictures Corp. v. Bi-Metallic Inv. Co. (D. C.) 42 F. (2d) 873, 874. That case was before the court on demurrer to the complaint. In the course of the opinion

the court said: "Eliminating section 18, the contract is clearly one that the parties might lawfully enter into. This action, reduced to its simplest terms, is to recover the agreed price for goods sold and delivered. The arbitration clause is not invoked nor referred to in the complaint, and unless brought to the attention of the court by pleadings not yet filed, is not necessary to a decision of the issues presented by the bill, which on demurrer are to be taken as true. As the pleadings stand now, the defendant owes the plaintiff an agreed amount as rent or license fees for pictures it refused to take and pay for, in violation of the contract."

The same is true in this case. In order to pass upon the matters argued in respondent's brief, we must assume matters that do not appear in the record and that cannot be brought into the record except by additional pleadings or the taking of the evidence.

The order appealed from is reversed.

CAMPBELL, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.