## HITNER v. LEDERER.
### No. 4888.

Circuit Court of Appeals, Third Circuit.
March 3, 1933.

Wm. Clarke Mason, of Philadelphia, Pa., for appellant.

Edward W. Wells, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge

This is an appeal from a judgment of the District Court imposing income tax for the year 1917 on the appellant upon the receipt of First Liberty Loan bonds, issued under the Act of April 24, 1917 (40 Stat. 35), in the aggregate of $65,000 par value from the Henry A. Hitner's Sons Company in part payment for services rendered to that corporation for the year 1917.

The appellant rendered services to the Henry A. Hitner's Sons Company in 1917, and, instead of paying him in money, the company paid him with these bonds aggregating $65,000, which he accepted at par in lieu of cash. He did not include the value of these bonds in his tax return as a part of his income for that year, but attached to his return the following rider calling attention to that fact:

"I desire to note that I have received during the year 1917, certain Liberty Loan Bonds bearing interest at 3½ per cent. issued under Act of Congress of April 24, 1917, from Henry A. Hitner Sons Co., a corporation, in payment for services rendered to the said company by me during the year 1917, which I have not included in this return because of the provisions of the said Act of Congress of April 24, 1917, chapter 4, section 1, which provides as follows:

"'The principal and interest thereof shall be payable in United States gold coin of the present standard of value and shall be exempt both as to the principal and interest, from all taxes except estate or inheritance taxes imposed by the authority of the United States or its possessions, or by any state or local taxing authority; but such bonds shall not bear the circulation privilege.'"

The Commissioner of Internal Revenue disallowed the claim and the collector assessed an additional tax against Mr. Hitner of $16,385.73, which was the percentage of normal and excess-profits taxes computable upon $65,000. The assessment was paid under protest. A claim for refund was rejected and after the lapse of the statutory period, this suit was brought for the amount of tax thus paid.

Both the principal and interest of these bonds, with exceptions here immaterial, are tax free and the sole question is whether or not the payment to the appellant for services rendered in tax-free bonds, instead of in cash money, renders his income thus received, exempt from taxation.

If this assessment were upon the bonds as such, as the appellant contends, it was unlawful, for both the principal and interest of the bonds are exempt from all taxes except estate or inheritance taxes imposed by proper authority. If, however, these taxes were imposed upon the income of the appellant which he chose to take in tax-free bonds instead of in cash money, a different question arises, for

his income may be taxed and payment in these bonds instead of in cash money was merely incidental. The question is not one of law but of fact. What was taxed, the bonds or the appellant's income, represented by wages or salary for services rendered? If the bonds were taxed, as above stated, this was prohibited by the statute and the tax was illegal, but if the tax was assessed, not upon the medium of payment, but upon income from wages or salary, it follows as a matter of law that the tax was legal. The income of the appellant was taxable and this could not be rendered nontaxable by being paid with tax-free bonds. What he may in the future do with the bonds and the interest derived from them is another question.

The case of Evans v. Gore, 253 U. S. 245, 40 S. Ct. 550, 64 L. Ed. 887, 11 A. L. R. 519, and the other cases cited and admirably argued by able and earnest counsel do not in our opinion control the case at bar either in fact or principle. There is a constitutional prohibition against the diminution by taxation, by reduction or otherwise of a judge's compensation or salary. It is his salary, his income, as such, which may not be taxed and not the means with which it is paid. The payment of his salary in bonds taxable or nontaxable would not affect the constitutional inhibition. In the case at bar, it is the appellant's income which is taxed and not the means with which it is paid. If this is so, it follows that the $65,000 was taxable under the Revenue Act of 1916 (39 Stat. 756) which was in force in 1917.

The judgment is affirmed.