**FIRST NATIONAL PICTURES, Inc., v. PAPPE.**

No. 23238.   Nov. 20, 1934.

Rehearing Denied Jan. 14, 1935.

Keaton, Wells, Johnston & .Barnes and Bowman & Greer, for plaintiff in error.

Brownlee & Blaine, for defendant in error.

PER CURIAM. Plaintiff, First National Pictures, Inc., brought this action in the court below against the defendant, Mrs. R. Pappe, Sr., "doing business under the style and name of Grand Theater," alleging the breach of six written contracts which p'aintiff claimed it had entered into with said defendant, acting through her manager and agent, one Mrs. Jersak, whereby the plaintiff, as a distributor of motion picture films, had agreed to furnish, and defendant, as an exhibitor, had agreed to receive, exhibit, and pay a certain price for use.

The contracts which are made the basis of the action are attached as exhibits to the petition and show dates from 1925 to 1927 and appear to have been variously signed as follows:

"Mrs. R. Pappe, Sr., by Mrs. Wm. Jersak,"

"Mrs. R. Pappe, Sr., by Mrs. Jersak,"

"Grand Theater, by Mrs. R. Pappe, Sr., by Mrs. Jersak."

The breaches complained of are that some of the pictures were received under each contract and paid for, but that about September 2, 1927, defendant notified plaintiff that the theater had been sold and canceling the alleged contracts and refusing to accept and exhibit any further pictures although plaintiff tendered full performance.

Plaintiff asks in damages the full purchase price agreed upon for the unexhibited pictures under each contract.

Plaintiff presents a seventh cause of action based upon one of the provisions in said contracts for arbitration of differences and the making of an award and the refusal of defendant to abide by the award, but as plaintiff later moved a dismissal of this cause of action, it will not be necessary to further define the pleading in this respect.

Certain motions and demurrers were directed at the petition and defendant answered the petition, denying all the allegations of the petition generally and denying specifically that Mrs. R. Pappe, Sr., was doing business as and under the name and style of Grand Theater as in the petition alleged, denying that Mrs. Jersak was the agent and manager for defendant as alleged, denying the execution of any of the contracts sued on; and then at considerable length and detail sets up the defense that the contracts were and are illegal and unenforceable because made in violation of the Anti-Trust Laws of the United States,

and then, still denying execution and agency, asks for damages by way of counterclaim and by way of cross-petition because of the alleged violation of the anti-trust laws.

The reply denies the material allegations of the answer and cross-petition and sets up the provisions of the contracts regarding arbitration; alleges their irrevokable nature and terms of construction and compliance therewith on the part of plaintiff, and attempting to set up ratification of the contracts, which plea of ratification was later stricken on confessed motion and with it the entry of dismissal of the seventh cause of action.

It was upon this state of the pleadings that the parties went to trial.

It seems reasonably apparent to this court that the plaintiff had the burden of proving, not only that Mrs. R. Pappe, Sr., was beneficially interested in the Grand Theater, but that Mrs. Jersak was her manager or agent for the purpose of contracting for films, and also to show that the contracts had been accepted in the manner provided in the contract by plaintiff, and that this it must show by some competent legal evidence before the contracts sued on could be properly considered as evidence in the case.

It was also incumbent upon the plaintiff to offer the contracts in evidence and secure their admission as such before they could be considered, and their admission in evidence was a preliminary or at least an incident to the proof of breach of the conditions thereof, and that it was also incumbent upon the plaintiff to show damages, if other than nominal damages was to be claimed, under the statutory rules as to measure of damages.

It seems reasonably clear also that if, and when, the plaintiff had sustained the burden, it devolved upon the defendant by some competent and legal evidence to meet the issue of agency and execution, and if same could not be met, then, or in addition thereto, that she prove that at the time of the execution of the alleged contracts, the plaintiff had entered into some sort of agreement, combination, or arrangement for the purpose of preventing lawful competition contrary to the acts of Congress complained of, and that the contracts sued upon were the subject-matter of the unlawful combination, or that same were entered into in furtherance of the carrying out of the combination.

The case was tried in the lower court on July 3, 1931, and the only witness produced and examined was one H. B. Drennan, who described himself as office manager of the plaintiff at Oklahoma City and having access to the books and records of the plaintiff. This witness testified that he had nothing to do with the taking of the contracts, knew nothing of their execution, but merely found them in the office when they went through there in the course of business, and that he knew nothing about who placed the stamp of approval on the contracts, as that was done in New York City.

This witness also testified that the films were made in other states, shipped to Oklahoma City, and then distributed to exhibitors.

Defendant made certain pertinent objections to the evidence regarding the contracts and their execution, and upon their offer in evidence the plaintiff was permitted to supply the necessary proof of execution, but we have examined the record closely and find no proof that defendant, Mrs. R. Pappe, Sr., was ever connected with the Grand Theater, was ever in the picture business, or that she employed Mrs. Jersak as her agent or manager, and no proof of her signature or that she knew that her name was being used in any manner in connection therewith, and we find no place in which the contracts sued upon were admitted in evidence or ever offered after they were rejected upon the first offer.

However, it appears in the record that defendant referred to the contracts as exhibits and upon cross-examination treated them as if in evidence, and did not specifically call the attention of the court to the fact that they had not been admitted in evidence, and all attorneys as well as the court seem to have treated them as in evidence.

If defendant were serious in her contention that she was not the principal in the contract for the films, was not engaged in exhibiting films, and did not operate the Grand Theater, it is difficult to see why she should have felt that an elaborate defense under the Sherman Anti-Trust Laws of the United States was necessary, for here a few simple words of denial and explanation from either her or Mrs. Jersak would have put an end to the case.

It is equally unthinkable that able attorneys who were confronted with the issue should not have investigated the matter and if, as should have readily appeared if it were a fact, the defendant was not engaged in the business and was imposed upon by one who fraudulently and without authority had used her name without her knowl-

edge, should not have dismissed the case and sought the correct principal.

This appears to be a case in which the plaintiff had not prepared the case by taking depositions or otherwise, to have proper testimony before the court, and then sought by innuendo to prove its case, and the defendant appears not to have been sufficiently interested in that phase of the case to insist upon proper testimony, and then, at a time when the matter might have been properly called to the attention of the court, ignored it and treated the contracts as though proven and as offered as evidence in the case.

The only specific thing called to the attention of the court upon the demurrer to the evidence was that the contracts sued upon were in violation of the Sherman Anti-Trust Laws of the United States, although the demurrer generally calls the attention of the court that the plaintiff has not sustained his cause of action by sufficient competent proof.

There is nothing in the judgment nor yet in the motion for new trial which in any manner enlightens this court as to the grounds for the judgment of the lower court, and both parties to this action have supplied the court with able briefs, the plaintiff in error filing a reply brief, and while defendant calls attention of this court in her brief to the apparent lack of proof on the part of plaintiff, yet it does not appear that defendant claims that the court below considered these matters, but proceeds to elaborately brief the case upon the question of the validity of the contracts.

Since the error, if any there was, appears to have been all in favor of the plaintiff in error concerning the admission of evidence, it cannot complain of the act of the court in considering the case as though the contracts were in evidence, and this court will likewise consider them in evidence, adhering to the rule that this court will disregard errors occurring at the trial of a cause which appear to have been caused by oversight or omissions and which do not materially affect the rights of the parties, and that in this case there appears sufficient justification for this court to find that strict proof of the execution of the contracts sued upon was waived by defendant.

· The defendant in the present case contends that the contracts sued upon were made in violation of the Sherman Anti-Trust Laws; that the provision for arbitration is invalid; that the contract is indivisible, and that the plaintiff was not entitled to recover.

There is nothing in the contracts themselves to indicate that plaintiff was a member of any combination to violate the anti-trust laws in question, and neither, of course, is there anything in the petition to indicate that the contracts were made in furtherance of such unlawful agreement nor that the making of the contracts was the subject-matter of the unlawful combination. This is matter set up in the answer and is matter for defense.

Defendant relies upon the following cases: Paramount Famous Lasky Corp. et al. v. United States, 282 U. S. 31; United States v. First Natl. Pictures, Inc., et al., 282 U. S. 44, from which defendant quotes at length.

We cannot from these decisions conclude that in 1925, 1926, and 1927, when the contracts sued upon in this case were made, such unlawful combination existed or that the contracts in question were made in furtherance of such combination or were the subject-matter thereof, even if we were to take judicial notice of the findings of fact in those cases.

While we quite agree that the arbitration clause in the contract is illegal, and if we are to consider the contract as standing alone, we should be compelled to consider the contract a severable one and enforce the legal provisions thereof, following the general rule that provisions contained in a contract with reference to the remedies for breach are severable, we cannot agree that a contract made in furtherance of an unlawful agreement or which is the subject-matter of that agreement, is severable.

If the contracts in question had contained no arbitration clauses and no other objectionable features, still, such contracts, if made in furtherance of an unlawful agreement, would be illegal.

It is not the provisions of the contract itself which make it illegal, but the purpose behind the making of it. So for the purpose of the consideration of this defense we must consider the contracts as an entirety and not capable of enforcement in any part if falling within the allegations of the defense.

In its reply brief, plaintiff in error cites and quotes at length from a number of causes, notably the following: Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 46 Law Ed. 679; Wiswell v. Scott, 86 Fed. 671; Continental Wall Paper Co. v. Voight & Sons

Co., 212 U. S. 227; A. B. Small Co. v. Lamborn & Co., 267 U. S. 248; Schnaier Contracting Corp. v. International Tailoring Co., 199 N. Y. S. 502, but those causes, which deal with action for the price of goods sold and received, are governed by different considerations and do not have application to an action to enforce an executory contract.

It is not necessary for a consideration of this action for us to enter into a discussion of the reasons for these decisions or whether the recovery is to be based upon the theory that the parties themselves, having severed the contract and received benefits, should be required to pay for goods received under the contract, or upon a quantum meruit.

We are inclined to the view that "there is nothing in the complaint to indicate that the contract violated the anti-trust law or that it resulted from a combination of restraint of trade," quoting from Fox Film Corp. v. Bailly (S. D.) 246 N. W. 111; and see Columbia Pictures Corp. v. Bi-Metallic Inv. Co., 42 F. (2d) 873.

Plaintiff cites and quotes from Fox Film Corp. v. Ogden Theater, Inc., (Utah) 17 P. (2d) 294, which seems to hold that although it appeared that there was a combination in restraint of trade, that it was solely on account of the illegal provision of the contract of arbitration that the contract was objectionable, then holds that the severability of this part of the contract renders the other parts enforceable. Under our view of the law we cannot follow the reasoning.

The case of Fox Film Corp. v. Tri-State Theaters (Idaho) 6 P. (2d) 135, comes nearer stating the law. The Idaho Supreme Court in commenting upon the Lasky Case said:

"We are convinced that the action against the contract as violating the Sherman Anti-Trust Act was not limited to and did not end with a mere correction or modification of the contract by striking out the arbitration clause, leaving the balance as an untainted agreement."

This court then proceeds to call attention to the fact that the action is for the executory part of the contract, and that if the contract was made in violation of the anti-trust laws it was an illegal and unenforceable contract. These latter cases are interesting for the cases cited and matters discussed therein.

We hold, then, that the plaintiff herein should be held to have made a prima facie case, and defendant having failed to prove that at the time of signing the contracts in question there existed any illegal combination between the plaintiff and others by which the distribution of films was to be governed and controlled and the contract in question used in furtherance of such combination, judgment in favor of defendant was error and the case is remanded for new trial.

However, we do not mean to be understood as holding that plaintiff may not properly be held to proper rules of evidence both as to showing the interest of the defendant as principal in the contracts and the agency in the execution thereof, before such contracts may be properly introduced, and had the judgment in this action been based upon such ground by either striking the testimony of plaintiff and refusal of admission of contracts, without waiver or abandonment, the judgment might have been sustained.

Since a new trial must be had, it is proper to call the attention of the court below to the nonapplicability of state laws to matters of interstate commerce; also to the rule of damages in actions for damages for breach of contracts where no special rule as to measure is provided by statute.

Judgment is reversed and the cause is remanded for a new trial.

The Supreme Court acknowledges the aid of Attorneys J. G. Austin, L. A. Wetzel, and A. C. Wallace in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Austin, and approved by Mr. Wetzel and Mr. Wallace, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion, as modified, was adopted.