## CENTRAL HANOVER BANK & TRUST CO. v. UNITED STATES.

### No. 42951.

Court of Claims.

May 4, 1936.

John E. Hughes, of Chicago, Ill. (William Cogger, of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

During 1920 plaintiff, as trustee, purchased in the open market at a cost of $637,515.74 certain First Liberty Loan

bonds of the par value of $687,000. The purchase price represented the then market value of the bonds. In 1931 these bonds were sold for $698,791.27, resulting in a profit of $61,275.53 from the purchase and sale. This profit was reported in the income-tax return filed for 1931 and an income tax computed thereon in accordance with the Revenue Act then in force was paid. The act of April 24, 1917, 40 Stat. 35, authorizing the issuance of these bonds provided in part as follows: "The principal and interest thereof shall be payable in United States gold coin of the present standard of value and shall be exempt, both as to principal and interest, from all taxation, except estate or inheritance taxes, imposed by authority of the United States, or its possessions, or by any State or local taxing authority."

■ The first contention of plaintiff is that a tax on the profit from the sale of the bonds is a tax upon the principal of the bonds and violates the exemption clause of the statute quoted above. We are of opinion that a tax exacted on the profit from a sale was not a tax upon the principal of the bonds, and the income tax here involved was, therefore, legally collected. This question, it seems to us, was put at rest by the decision in Willcuts v. Bunn, 282 U.S. 216, 51 S.Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260, which involved the right of the federal government to tax the profit from the purchase and sale of municipal bonds. In that case it was contended that the tax was illegally exacted for the reason that a tax on such profit was a tax on the bond which the federal government was without power to impose. The court distinguished between a tax on the principal and interest of a bond and a tax on the gain from the purchase and sale thereof. At pages 227 and 228 of 282 U.S., 51 S.Ct. 125, 127, 75 L.Ed. 304, 71 A.L.R. 1260, the court said:

"But it does not follow, because a tax on the interest payable on state and municipal bonds is a tax on the bonds and therefore forbidden, that the Congress cannot impose a nondiscriminatory excise tax upon the profits derived from the sale of such bonds. The sale of the bonds by their owners, after they have been issued by the State or municipality, is a transaction distinct from the contracts made by the government in the bonds themselves, and the profits on such sales are in a dif-

ferent category of income from that of the interest payable on the bonds. Because the tax in question is described as an 'income tax' and the profits on sales are included in 'income,' the distinction is not lost between the nature of a tax applied to interest and that of a tax applied to gains from sales. The federal income tax acts cover taxes of different sorts. Brushaber v. Union Pacific Railroad Company, 240 U. S. 1, 17, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A. 1917D, 414, Ann.Cas.1917B, 713; Stanton v. Baltic Mining Company, 240 U.S. 103, 114, 36 S.Ct. 278, 60 L.Ed. 546. The tax upon interest is levied upon the return which comes to the owner of the security according to the provisions of the obligation and without any further transaction on his part. The tax falls upon the owner by virtue of the mere fact of ownership, regardless of use or disposition of the security. The tax upon profits made upon purchases and sales is an excise upon the result of the combination of several factors, including capital investment and, quite generally, some measure of sagacity; the gain may be regarded as 'the creation of capital, industry and skill.' Tax Commissioner v. Putnam, 227 Mass. 522, 531, 116 N.E. 904, 910, L.R.A.1917F, 806."

See, also, Marland v. United States, 53 F.(2d) 907, 3 F.Supp. 611, 78 Ct.Cl. 69, in which this court held that while the income from leases of state-owned school lands was exempt from federal taxation, the profit made from the sale of such leases was taxable; and De Stuers v. Commissioner, 26 B.T.A. 201, in which it was held that where Second Liberty Loan bonds containing an exemption clause similar to the one involved in this case were purchased below par and sold at a profit, such profit was taxable.

■ What has been said above disposes also of plaintiff's contention that the United States has no power to tax its own bonds. If a tax on the profit derived from the purchase and sale of municipal bonds did not constitute a tax on the bonds as was held in Willcuts v. Bunn, supra, we fail to see how the income tax involved in the case at bar can be said to be a tax by the United States on its own bonds. It is therefore unnecessary to discuss the second question raised by the plaintiff.

The plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.