## HAMERSLEY v. UNITED STATES.

### No. 43147.

Court of Claims.

Nov. 9, 1936.

Ralph Royall, of New York City (Bartow H. Hall, Hoch Reid, and Ehrich, Royall, Wheeler & Walter, all of New York City, on the brief) for plaintiff.

George H. Foster, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen. (Arnold Raum, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This is a suit to recover a tax collected under the provisions of what is commonly known as the gift tax of the Revenue Act of 1932 (section 501 et seq. [26 U.S.C.A. § 550 et seq. and notes]). There is no dispute as to the facts, which are as follows:

Plaintiff, on December 31, 1934, made a gift of $2,400,000 in principal face amount of United States 3¼ per cent. Treasury bonds due August 1, 1941, with interest coupons attached. The Commissioner of Internal Revenue required the plaintiff to make a gift tax return for 1934 and to pay the sum of $322,415 as a gift tax in connection with the transaction. Thereafter, in due time and proper form, plaintiff filed a claim for refund of the tax on the ground that the law under which it had been assessed was not ap-

plicable, and the claim having been denied, the plaintiff brought this suit.

The bonds which the plaintiff transferred contained a covenant which read as follows: "This bond shall be exempt, both as to principal and interest, from all taxation now or hereafter imposed by the United States, any State, or any of the possessions of the United States, or by any local taxing authority, except (a) estate or inheritance taxes, and (b) graduated additional income taxes, commonly known as surtaxes, and excess-profits and war-profits taxes, now or hereafter imposed by the United States, upon the income or profits of individuals, partnerships, associations, or corporations. The interest on an amount of bonds authorized by said Act approved September 24, 1917, as amended, the principal of which does not exceed $5,-000, owned by any individual, partnership, association, or corporation, shall be exempt from the taxes provided for in clause (b) above."

This covenant conformed to the act authorizing the issuance of the bonds which contained substantially the same language.

The fact that a tax is in some way related to government bonds and is measured by the value of the bonds does not make it a tax upon the bonds themselves. In Central Hanover Bank & Trust Co. v. United States, 14 F.Supp. 541, 82 Ct.Cl. —, decided May 4, 1936, it was held that a tax on profits from the sale of the bonds was not a tax on the bonds. In Hitner v. Lederer (D.C.) 14 F.(2d) 991, affirmed (C.C.A.) 63 F.(2d) 877, a payment in bonds was held subject to the income tax on the ground that the bonds themselves were not taxed. So also in James v. Commissioner, 13 B.T.A. 764, dividends payable in government bonds were held to be taxable. In Murdock v. Ward, 178 U.S. 139, 20 S.Ct. 775, 44 L.Ed. 1009, it was held that United States bonds belonging to the decedent were subject to an inheritance tax notwithstanding a comprehensive and general provision in the bonds exempting them from taxation. In Bromley v. McCaughn, 280 U.S. 124, 50 S.Ct. 46, 74 L.Ed. 226, it was held that gift taxes like death taxes are imposed on the exercise of the right to transfer the property and not upon the property itself. While in neither of the opinions in the two cases last cited is it said in so many words that the taxes considered were not taxes upon the bonds themselves, the decisions neces-

sarily so held in effect, for if the taxes in question had been direct taxes upon the bonds they unquestionably would have been invalid for more than one reason. They were, however, upheld by the Supreme Court.

Starting then with the principle established by the cases above cited that the words "all taxation" mean all taxation upon the bonds themselves and do not refer to excise taxes upon some right connected with the bonds, we reach the conclusion that if the exception contained in the bond covenant, and upon which the plaintiff relies had been omitted, there would be no question but that the bonds were subject to the tax. In other words, if the covenant had simply provided that the bonds were exempt from "all taxation," these words would not include the tax in question which would have been properly imposed.

The plaintiff urges, however, that the addition of the clause "except estate or inheritance taxes" to the provisions with reference to taxation operates to enlarge the scope of the exemption. Stated in another way, it is contended that since estate and inheritance taxes are specifically excepted from the exemption, other like taxes, such as the gift tax, although not mentioned, are not so excepted. It will be observed that the plaintiff seeks to apply the familiar rule of expressio unius est exclusio alterius.

The defendant cites a number of cases to show that the exceptions to this principle are numerous and contends that in the case we have before us the rule does not apply. We do not think it is necessary to review these cases. The case before us presents a feature different from that in any other to which our attention has been called, or we have been able to find, and which has not been presented in argument. It has already been shown that the general provision of the act exempting the bonds themselves from "all taxation" was not sufficiently broad to include the tax involved herein. To this general provision there was added certain exceptions. Exceptions, when properly and logically made, narrow the provision to which they apply. The peculiar feature of the case before us is that it is claimed that by making the exception Congress, instead of limiting the general provision, actually enlarged it and made it apply to taxes other than those included in its terms. Such a construction we think is neither reasonable nor logical.

It is contended on behalf of plaintiff that the exemption clause is left without force or meaning unless it be construed so that it would apply to gift taxes. But this is not correct. The refusal to apply the construction contended for by plaintiff simply leaves the excepting clauses as they were. The inclusion in the exception of "estate or inheritance taxes" added nothing thereto, for such taxes were not included in the general provision and the effect of the other exceptions is not altered.

Nor do we see anything in the circumstances surrounding the passage of the law and the subsequent proceedings under which the bonds were issued that indicated a purpose on the part of Congress to make the bonds exempt from gift taxes. Gift taxes were not mentioned in the original statute for the obvious reason that none had been imposed at the time it was enacted. The provision that the bonds were not to be exempt from estate and inheritance taxes was probably inserted because the ordinary layman and even business men not familiar with legal distinctions might think the statutory provision exempting the bonds from "all taxation" would prevent the imposition of estate and inheritance taxes relating to them. Such provisions are often inserted in a statute, and when included in the statute, are usually made a part of any Treasury statement made with reference to the issuance of the bonds. The bonds involved were not issued until after a gift tax had been enacted, but in inserting in the bonds and in circulars the language of the statute the Treasury simply followed the ordinary course.

The precise question involved in the case before us was presented to the Board of Tax Appeals in the case of Lawrence C. Phipps v. Commissioner, 34 B.T.A. 641. The majority of the Board in a decision promulgated June 2, 1936, held that the tax was not levied upon either the principal or interest of the bonds which constituted the gift involved in the case before it, but was an excise on the transfer of the property to another. Citing Knowlton v. Moore, 178 U.S. 41, 20 S.Ct. 747, 44 L.Ed. 969; New York Trust Co. v. Eisner, 256 U.S. 345, 41 S.Ct. 506, 65 L.Ed. 963, 16 A.L.R. 660; Bromley v. McCaughn, supra; and Plummer v. Coler, 178 U.S. 115, 20 S. Ct. 829, 44 L.Ed. 998. A dissenting opinion was filed, but we think the Board of

Tax Appeals was clearly right in its conclusion.

It follows that plaintiff's petition must be dismissed, and it is so ordered.