UNITED STATES *v.* JELLICO MOUNTAIN COKE & COAL CO. *et al.*

*(Circuit Court, M. D. Tennessee. October 13, 1890.)*

PRELIMINARY INJUNCTIONS—ILLEGAL COMBINATIONS.

Where the material allegations of a bill filed by the United States against various coal companies, under Act Cong. July 2, 1890, to enjoin their combination in restraint of trade, are denied by defendants' affidavits, a preliminary injunction will not be granted, as plaintiff gives no indemnifying bond in case the injunction should be dissolved.

In Equity.

This case arose on a bill filed by the United States under the act of congress approved July 2, 1890, entitled "An act to protect trade and commerce against unlawful restraints and monopolies." All the coal companies doing business in the city of Nashville, as members of the coal exchange, were made parties defendant. On the preliminary hearing a temporary injunction was refused.

*W. H. H. Miller*, Atty. Gen., *Wm. H. Taft*, Acting Atty. Gen., and *John Ruhm*, U. S. Atty.

*G. N. Tillman* and *W. L. Granbery*, for defendants.

HAMMOND, J. This is an application for a preliminary injunction only, and it appears to the court better to await the hearing, and determine upon plenary proof of the exact facts those grave questions which have been suggested, than to decide them now upon the bare statements of the bill which are so general in their character, and quite too barren of any averments of specific facts to enable the court to determine whether the general conclusions of fact averred are true, particularly in view of the affidavits of defendants denying some of the most important of them; and in this view it is unnecessary to hear any counter-affidavits. The court is the more inclined to this course since the bill is not that of a private citizen, complaining of an injury to him, but only by the United States

on behalf of the public, and in pursuance of a public policy of enforcing a recent act of congress to prevent combinations in restraint of trade and commerce. It is manifest that the act is new, and this a most important application of it. It would more injure the defendants to grant this preliminary injunction if, on the hearing, it should turn out that the case does not fall within the act, than it would injure the public to withhold the injunction until the final hearing; and the more since the United States gives no bond to protect the defendants against that injury, as a private suitor would be compelled to do. When this is the situation of the parties the rule is to refuse the preliminary injunction, and abide the hearing. The court reserves all expression of opinion on the subject-matter of the bill until that time, as the best for all concerned.