WORKINGMEN'S AMALGAMATED COUNCIL OF NEW ORLEANS et al.
v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.    June 13, 1893.)

No. 143.

CIRCUIT COURT OF APPEALS — REVIEW OF ORDER GRANTING TEMPORARY IN-
JUNCTION.
   The circuit court of appeals will not reverse an interlocutory order
granting or continuing a temporary injunction unless it is clearly shown
that the same was improvidently granted, and is hurtful to the appellant.

Appeal from the Circuit Court of the United States for the
Eastern District of Louisiana.

In Equity.    Suit by the United States against the Workingmen's
Amalgamated Council of New Orleans, La., and others, to restrain
the defendants, from interfering with interstate and foreign com-
merce.    An order was made in the court below granting a tempo-
rary injunction, (54 Fed. Rep. 994,) and defendants appeal therefrom.
Affirmed.

M. Marks, (A. H. Leonard and Evans & Dunn, on the brief,) for
appellants.

F. B. Earhart, for the United States.

Before McCORMICK, Circuit Judge, and TOULMIN, District
Judge.

McCORMICK, Circuit Judge.    November 10, 1892, the district
attorney for the eastern district of Louisiana, acting under the di-
rection of the attorney general, in the name of the United States,
exhibited in the circuit court for said eastern district of Louisiana
a bill for injunction under the act of congress to protect trade and
commerce against unlawful restraint and monopolies.    26 Stat. 209.
The circuit court exercised just caution, and gave respondents
ample time to show cause why the preliminary injunction sought
should not be granted.    Respondents improved the time thus al-
lowed them, and, in all the forms in use in such proceedings, sub-
mitted matters of law and fact in opposition to the granting of the
temporary injunction.    The motion for the temporary injunction
continued pending, and the hearing of it was adjourned from time
to time until the 27th March, 1893, when the circuit court passed
the decree granting the temporary injunction, as prayed for in the
bill, as to the appellants, and the respondents appealed.

The appellants assign as error the overruling by the circuit court
of each of the grounds of objection urged in that court against the
granting of said injunction.    These are well summarized, discussed,
and disposed of in the very able opinion of the judge of the circuit
court who passed the decree now sought to be reversed.    The mat-
ters of law presented to and considered by him were not well taken
by the appellants, respondents below, and the circuit court's rul-
ing to that effect was correct.    The bill exhibited is clearly within
the statute, and the pleadings of the respondents were not such as

to require the refusal of the prayer for a temporary injunction. The volume of assisting and counter affidavits was large, and the conflict of this testimony sharp and emphatic, such as must, in the nature of the case, make variant impressions on the minds of different judges as to the facts shown. The summary of the proof made in the opinion of the judge of the circuit court is fairly supported by the record, and shows that there was proof tending to support the allegations of the bill. The providing by law for an appeal from an interlocutory order granting an injunction certainly clothes the court of appeals with the power and charges it with the duty of reviewing, and in a proper case reversing, the action of the trial court in granting such injunctions; but as to issues of fact, presented as they only can be presented in such cases, the findings of the facts expressed or implied in the action of the trial court should be given due weight, and its action, so far as it rests on, or is affected by, the state of facts proved, should not be reversed unless it is made clearly to appear that it was improvident and hurtful to the appellant. In this case the most that can be urged against the order having relation to the state of the proof is that it was unnecessary. It only enjoined the appellants from doing, pending this suit, what the statute forbids and provides may be prevented by injunction. On this appeal from an interlocutory order, which we affirm, we deem it unnecessary to anticipate the further progress and final hearing of this case by an expression of our views as to the full scope and sound construction of this recent and important statute. The order of the circuit court is affirmed.