UNION SWITCH & SIGNAL CO. et al. v. PHILADELPHIA & R. R. CO. et al.

SAME v. ATLANTIC CITY R. CO. et al.

(Circuit Court, E. D. Pennsylvania. July 24, 1896.)

No. 66.

PATENT SUITS—PRELIMINARY INJUNCTION.

A preliminary injunction should not be granted where the patents in suit have not before been judicially considered, and involve complicated apparatus, in respect to which the experts, testifying by affidavit, differ radically, both in matters of opinion and matters of fact, and where the question of infringement depends largely upon the construction to be given to the claims in view of the prior state of the art.

These were suits in equity by the Union Switch & Signal Company and others against the Atlantic City Railroad Company and others for alleged infringement of certain patents relating to automatic electric railway signaling. The causes were heard on motion for a preliminary injunction.

H. J. Warren Coulston and George H. Christy, for plaintiffs.
Witter & Kenyon and Thos. Hart, Jr., for defendants.

ACHESON, Circuit Judge. Whether, by reason of their delay in applying for a preliminary injunction, the plaintiffs are not precluded from such interlocutory relief, is a close question. But, waiving the alleged laches, when the merits of the controversy are approached, we discover weighty objections to the grant of the preliminary relief now sought. The patents in suit have not been judicially considered, and the questions arising thereon which are now presented to the court for decision are both new and serious. This is not a case involving machinery of simple construction, the principle and operation of which can be understood by mere inspection. The controversy relates to two rival systems of automatic electric railway signaling. The apparatus employed on the one side and the other is complicated, at least in matters of detail. The case is one in which expert testimony is peculiarly valuable, and perhaps is indispensable. Such evidence, indeed, we have here, but only in the unsatisfactory shape of ex parte affidavits. Then the experts differ radically, not merely in their opinions, but also with respect to important matters of fact. The question of infringement depends largely upon the construction to be given to the claims in suit, in view of the antecedent state of the art. A wide field of investigation is thus opened. In the imperfect state of the proofs, then, ought the court to interfere preliminarily by injunction? Certainly, the answering affidavits raise sufficient doubt as to the plaintiff's right to an injunction to cause hesitation. It may be conceded that there are special reasons here for speedy action; but, after the most careful consideration of all the affidavits and accompanying exhibits, I am convinced that the court should refrain from undertaking to determine the rights of the parties until complete proofs are taken. There is no other safe course. These considerations constrain me to deny these motions. The motion for a preliminary injunction is denied in each of the cases.