## DECORATIVE STONE CO. v. BUILDING TRADES COUNCIL OF WESTCHESTER COUNTY et al.

(Circuit Court of Appeals, Second Circuit. June 1, 1926.)

No. 383.

1. **Injunction** ⬅145.

Unless complainant's right to preliminary injunction is clear, or free from reasonable doubt, it will not be granted on ex parte affidavits.

2. **Motions** ⬅37.

Determination of questions of fact on ex parte affidavits is not favored.

3. **Appeal and error** ⬅954(3)—**Injunction** ⬅145.

Where bill and answer present debatable questions, court in its discretion may refuse preliminary injunction on ex parte affidavits, and its action will not be reversed, except for abuse of discretion.

Appeal from the District Court of the United States for the Southern District of New York.

Suit for injunction by the Decorative Stone Company against the Building Trades Council of Westchester County and others. From an order denying an injunction pendente lite, plaintiff appeals. Order affirmed.

Gleason, McLanahan, Merritt & Ingraham, of New York City (Walter Gordon Merritt, of New York City, of counsel), for appellant.

Sydney A. Syme and William S. Coffey, both of Mt. Vernon, N. Y., for appellees.

Before ROGERS, HOUGH, and MACK, Circuit Judges.

PER CURIAM. Several questions of importance and difficulty have been argued, but we find ourselves able to express opinion on one point only, viz. that no error was committed in refusing injunctive relief upon ex parte affidavits alone.

[1-3] The law and practice in this circuit is, we think, well settled. This court is, to say the least, disinclined to determine questions of fact upon ex parte affidavits. Hadden v. Dooley, 74 F. 429, 20 C. C. A. 494. To entitle a complainant to a preliminary injunction, he must present a clear title, or one free from reasonable doubt. Stevens v. Missouri, etc., Co., 106 F. 771, 45 C. C. A. 611; Cutter Co. v. Metropolitan Co. (C. C. A.) 275 F. 158. Where the bill and answer in a suit present debatable questions, it is within the discretion of the court to refuse to grant a preliminary injunction on affidavits. Horsman v. Kaufman (C. C. A.) 286 F. 372. Unless such discretion be abused in granting or denying injunction, the action will not be reviewed on appeal. Goldwyn Corp. v. Goldwyn (C. C. A.) 296 F. 391.

We think debatable questions were presented, and that the issuance of injunction was a matter of discretion, and that discretion was not abused; therefore the order contains no error. We express opinion on no point other than the foregoing.

Order affirmed.