MAYO et al. v. DEAN.

No. 7781.

Circuit Court of Appeals, Fifth Circuit.

May 22, 1936.

W. R. Blain, of Beaumont, Tex., for appellants.

Leon Sarpy, Stanley W. Ray, and Jones T. Prowell, all of New Orleans, La., and Vance Plauche and Oliver P. Stockwell, both of Lake Charles, La., for appellee.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

In this case the following facts appear from the record: Appellee, J. Clyde Dean, plaintiff below, is the owner of the towboat Corinne Dean and a number of barges, and is engaged in transporting freight on regular schedules between points in Louisiana and Texas, through the Intercoastal Canal. He carries a crew for the purpose of loading and unloading freight, and at some landings employs extra help if needed. On July 11, 1934, the tug with a barge arrived at the port of Lake Charles, La. When the master of the tow attempted to unload freight, he was stopped by a crowd of men on the wharf, some of whom announced they were members of the International Longshoremen's Union and demanded that they be employed to unload the boat. The master refused to accede to their demands, and unloading was prevented by this crowd by threats and intimidation and acts of violence. An appeal for protection was made in vain to the sheriff of the parish and to the mayor of the city. W. R. Mayo, president of Local Union No. 1214 of the International Longshoremen's Association at Lake Charles and the representative of the parent organization, was present at the conference with the mayor and on the wharf when unloading of the barge was prevented, but disclaimed knowledge of any acts of violence. However, he made demand on Dean that the International Longshoremen's Association be employed, telling him that the barge would not be unloaded until the union did the work. Appellee made other efforts to unload his boat, but was always prevented by intimidation from doing so, and the voyage was delayed for a considerable time. Dean then filed this bill praying for interlocutory and final injunctions, alleging violation of the Sherman Anti-Trust Law (15 U.S.C.A. §§ 1–7, 15 note) by a conspiracy between the named defendants and others unknown to interfere with interstate commerce. Appellants objected to the issuance of the injunction on the ground that the court was without jurisdiction because plaintiff had not complied with the provisions of the Act of March 23, 1932 (29 U.S.C.A. §§ 101–115), sometimes referred to as the Labor Injunction Act and the Norris-La Guardia Act, which denies injunctive relief in labor disputes where the complainant has failed to make reasonable effort to settle the dispute with the aid of available governmental machinery for mediation or by voluntary arbitration. The District Court sustained this objection, and denied the preliminary injunction, but retained the bill to allow plaintiff to comply with the act. 8 F.Supp. 73. Thereafter plaintiff solicited mediation by the Department of Labor, and a mediator was sent to Lake Charles. Approximately a week was spent by both sides with the mediator trying to reach an agreement, but nothing was accomplished because Dean would not make a closed shop agreement and pay wages at the rates demanded and the unions would not recede from their position.

The court heard the evidence in open court and found facts specifically as required by section 7 of the act, 29 U.S.C.A. § 107. Judgment was then entered in favor of plaintiff and a final injunction issued restraining the defendants, Walter R. Mayo, Frank Graham, Arthur McCurtis, W. M. Stewart, the International Longshoremen's Association, Locals Nos. 1214 and 1180 of that organization, their employees and agents, and all other persons combining and conspiring with them, from trespassing on the private wharves of complainant; from stopping the loading or unloading of his vessels by intimidation, threats, abuse, or physical force or endeavoring to do so; but permitting the unions to maintain two pickets from each organization, in the street, not less than 50 feet from plaintiff's warehouse, and to use peaceful means of persuasion in furtherance of their cause.

Appellants contend: (1) That the evidence was not sufficient to show a conspiracy to interfere with interstate commerce; (2) that the court was without jurisdiction because plaintiff had not agreed to submit to arbitration; and (3) that the injunction could not run against defendants McCurtis and Stewart because there was no evidence of actual participation in, or actual authorization of the commission of, the overt acts.

■ There is conflict in the evidence, but a clear preponderance sustains the conclusion that a number of persons, including members of the International Longshoremen's Association of Lake Charles, acted in concert to prevent the unloading of a vessel engaged in interstate commerce by threats, intimidation, and acts of violence, and that the work of unloading the vessel and the continuation of the voyage were delayed. From time immemorial it has been the right of a vessel owner to employ her crew to load and unload her and to carry a sufficient crew for that purpose. There was never any contract between Dean and the labor union. There was no dispute between them as to hours or wages or working conditions. There was simply an attempt by the union to compel by drastic means the making of an initial contract. The result was an invasion of plaintiff's right of property which would have resulted in irreparable injury, for which he had no remedy at law, and was a direct interference with interstate commerce. This was sufficient to show a conspiracy in violation of the Sherman Act, and warranted the issuance of an injunction.

■ The second contention is based on section 8 of the act, 29 U.S.C.A. § 108. Appellee contends the act has no application. So far as we are advised, neither the Supreme Court nor any federal Court of Appeals has had occasion to construe the act of March 23, 1932. We are not required to do so in this case. Appellants invoked the act. The District Court ruled with them. Since he prevailed, appellee is not now in a position to complain. We express no opinion as to the applicability of the act. The provision of the section is that injunctive relief shall not be granted to any complainant who has failed to make every reasonable effort to settle the dispute with the aid of available governmental machinery of mediation or by voluntary arbitration. Conceding, without so deciding, that the act applies, we consider it was fully complied with by complainant by availing himself of the services of the mediator of the Department of Labor. He was not obliged to propose both mediation and arbitration. One or the other would be sufficient.

■ As to the third contention of appellants, it is true there is no direct evidence that appellants McCurtis and Stewart, who are, respectively, president and secretary of a Local Union No. 1180 of the International Longshoremen's Association, were present when any of the overt acts were committed. The contention that the injunction should not run against them is based on the provisions of section 6 of the act, 29 U.S.C.A. § 106. Again conceding, purely for the purpose of argument, that the act applies, the provision of the section is that no officer or member of any association participating or interested in a labor dispute shall be held responsible or liable in any court of the United States for the unlawful acts of any individual or officer, member or agent of the association except upon clear proof of actual participation in or actual authorization of such act or ratification of such act after actual knowledge thereof. This might prevent punishment for contempt or the recovery of damages, but clearly was not intended to apply to the issuance of an injunction to prevent future acts of coercion in a case where such relief would be proper.

On the whole case we are convinced that a conspiracy, which resulted in an unwarranted and unreasonable interference with interstate commerce, existed. The proof is sufficient to support the conclusion that members and at least one official representative of the International Longshoremen's Association and the local unions of that organization participated in the attempted coercion of plaintiff in furtherance of the conspiracy. It would be useless to issue an injunction against an organization unless it also restrained the constituted officers. The injunction properly issued against the named defendants and all others conspiring with them. United States v. Workingmen's Amalgamated Council (C.C.) 54 F. 994, 26 L.R.A. 158, affirmed (C.C.A.) 57 F. 85; Loewe v. Lawlor, 208 U.S. 274, 28 S.Ct. 301, 52 L. Ed. 488, 13 Ann.Cas. 815; Bedford Cut Stone Co. v. Stone Cutters' Association, 274 U.S. 37, 47 S.Ct. 522, 71 L.Ed. 916, 54 A.L.R. 791.

The record presents no reversible error.

Affirmed.

Judge WALKER concurred in the decision of this case, but died before the opinion was handed down.