### ROHDE et al. v. DIGHTON et al.
### No. 145.

District Court, W. D. Missouri, W. D.
March 2, 1939.

L. V. Copley, Walter A. Raymond, and Homer A. Cope, all of Kansas City, Mo., for plaintiffs.

Clif Langsdale and Roy W. Rucker, both of Kansas City, Mo., for defendants.

REEVES, District Judge.

The complainants seek to restrain the defendants individually and as representatives of a labor organization from interfering with the operation of a theatre owned by them and currently operated by them without the services of employees. It is the contention of the complainants that, under such circumstances, there could not be a labor dispute, and that, therefore, they are entitled to injunctive relief as in the ordinary case in equity where there is an interference in the operation of a business.

The defendants have filed a motion to dismiss the bill or petition upon the ground that: "The facts stated * * * affirmatively show that this court is wholly without jurisdiction to grant the relief prayed, and it further appears from the face of the petition that this court has no jurisdiction over the parties."

In support of this motion it is urged by counsel that the complaint shows on its face that it involves a labor dispute and in the absence of appropriate averments there is no jurisdiction of this court over the subject matter.

The motion to dismiss should be considered first. The jurisdiction of the court is sought by reason of a diversity of citizenship and an adequate value in controversy.

The complaint is to the effect that the plaintiffs are operating a motion picture theatre at 7106 Prospect Avenue, Kansas City, Jackson County, Missouri, known as the Sun Theatre, and that defendants are interfering with such operation by picketing and otherwise. The plaintiffs detail their previous relationship to defendants by saying that, in September 1937, they were coerced to employ union operator for their motion picture machine. They did this, although some of the owners were expert and competent for the manipulation and operation of the machine. They agreed to pay the union operator $35 per week, being $13 per week less than the union scale for such operators. Plaintiffs did this, so they say, to prevent interference by the defendants with the operation of their theatre. On January 16, 1939 the defendants demanded payment to the operator in accordance with the union scale. The plaintiffs declined to yield to this demand and discharged the operator and resumed their own operations without the aid of employees. They state in their petition that: "they do not discriminate against Union labor, but merely choose to employ no labor, but to do the work themselves." The complaint contains averments of serious interference with the operation of their theatre by the acts and conduct of the defendants.

█ 1. Since the complaint on its face contains the usual jurisdictional averments, this court would have jurisdiction unless same is taken away by Section 101, Title 29 U.S.C.A., relating to the general

subject of Labor. This Section specifically provides that: "No court of the United States, as defined in this chapter, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this chapter."

It is to be noted that United States courts are denied jurisdiction to grant or issue an injunction except under certain contingencies. While the suit may be entertained, yet the court is denied the power or authority to issue an injunction or restraining order until after specified procedure wherein certain facts are made to appear.

It may be that the plaintiffs will be able to aver and establish such facts and thereby confer jurisdiction upon the court to grant the requested order.

While in this case interstate commerce is not involved or affected, yet the labor injunction provision as above quoted is not restricted to such cases, but applies broadly to all labor disputes in the United States courts.

The motion to dismiss should be overruled.

2. The only remaining major question is whether the plaintiffs are entitled to an injunction without the necessity of making the averments and proofs contemplated by the Labor Act. If a labor dispute appears from the face of the complaint, then the statute above quoted would apply. That there is a labor dispute can hardly be questioned in the light of the authorities.

The controlling, or most persuasive case on that question is that of New Negro Alliance v. Grocery Co., 303 U.S. 552, 58 S.Ct. 703, 82 L.Ed. 1012, as amended, 304 U.S. 542, 58 S.Ct. 703. In that case the complainant sought an injunction because its business was picketed or there was an interference with its business operations by the defendant through its agents and representatives. The reason for the interference was that the plaintiff employed all white and no colored workmen. The Supreme Court held that within the purview of the Norris-LaGuardia Act, 29 U. S.C.A. § 101 et seq., there was a labor dispute. In this case, the employer had a full complement of employees. The de-

fendants sought to compel the employment of colored workmen.

Another case is that of Lauf et al. v. E. G. Shinner & Co., 303 U.S. 323, 58 S. Ct. 578, 82 L.Ed. 872, where the defendants undertook to compel complainant to require its employees to join a union. The court held that there was a labor dispute, both in the purview of a Wisconsin labor statute, as well as the national labor law. In that opinion the court placed emphasis upon the jurisdiction of the court as follows (303 U.S. loc. cit. 327, 58 S.Ct. loc. cit. 580, 82 L.Ed. 872): "But the power of the court to grant the relief prayed depends upon the jurisdiction conferred upon it by the statutes of the United States."

This lack of jurisdiction went to the question of procedure rather than the matter of entertaining the bill.

The case of Senn v. Tile Layers Protective Union, 301 U.S. 468, 57 S.Ct. 857, 81 L.Ed. 1229, is somewhat analogous to the point here raised, although it involved the interpretation of a state statute. The court declined to quash the opinion of the Supreme Court of Wisconsin in a case where a labor union had sought to compel an employer to refrain from doing his own work without joining the union. The court said that it was the right of the state to adopt such a policy and that guaranties of the federal constitution were not violated.

In view of the above, it must be concluded that the complaint on its face shows a labor dispute, and because of that fact, the court is without jurisdiction to issue a temporary injunction.

Inasmuch as the court has jurisdiction of the subject matter, it is permissible for the plaintiffs to undertake to comply with the conditions precedent which would confer jurisdiction to grant such an order.

Such procedure was approved in Mayo v. Dean, 5 Cir., 82 F.2d 554, and other cases, although in Grace Co. v. Williams, 8 Cir., 96 F.2d 478, loc. cit. 481, the dismissal of the petition was approved because it failed "to disclose by affirmative allegations * * * that it [plaintiff] was entitled to invoke the equitable jurisdiction of the court."

Since that decision the new Rules of Civil Procedure have been adopted. Rule 15 thereof, 28 U.S.C.A. following section 723c, provides that a party may amend a pleading as a matter of course before a responsive pleading is filed. "Otherwise a party may amend his pleading only by leave of court * * * and leave shall be freely given when justice so requires."

It follows from the above, as heretofore stated, that the motion to dismiss should be overruled and the application for a temporary injunction also should be denied at this time.