**UNITED STATES v. SCHINE CHAIN
THEATRES, Inc., et al.
Civ. No. 223.**

District Court, W. D. New York.
Jan. 17, 1940.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., Thurman Arnold, Asst. Atty. Gen., Herbert Borkland, Sp. Asst. to Atty. Gen., Seymour Krieger, Sp. Atty., of Washingon, D. C., and Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., for plaintiff.

Frederick H. Wood, Willard S. McKay, Thomas T. Cooke, and Cravath, DeGersdorff, Swaine & Wood, all of New York City, and Penney & Penney, of Buffalo, N. Y., for defendants Schine Chain Theatres, Inc., and others.

John Lord O'Brian, of Buffalo, N. Y., for defendants Loew's Inc., Warner Bros. Pictures, Inc., Vitagraph, Inc., Paramount Pictures, Inc., and Paramount Film Distributing Corp.

Schwartz & Frohlich, of New York City (Irving Moross, of New York City, of counsel), for Columbia Pictures Corp.

O'Brien, Driscoll & Raftery, of New York City, for United Artists Corp.

Dwight, Harris, Koegel & Caskey, of New York City (Richard E. Dwight and John Fletcher Caskey, both of New York City, of counsel), for defendant Twentieth Century-Fox Film Corp.

Donovan, Leisure, Newton & Lumbard, of New York City, for RKO Pictures, Inc.

KNIGHT, District Judge.

The government has instituted this suit in equity under the Sherman Anti-Trust Act (15 U.S.C.A. § 1 et seq.) against certain individuals and corporations, against Schine Chain Theatres, Inc., certain of its officers and certain of its subsidiary corporations, and also against eight leading distributors of motion picture films. The so-called Schine defendants operate upwards of 150 motion picture theatres in the states of New York, Ohio, Delaware, Maryland and Kentucky. The eight major distributors are Loew's, Inc., Warner Bros. Pictures, Inc., Vitagraph, Inc., Paramount Pictures, Inc., Paramount Film Distributing Corp., United Artists Corp., Columbia Pictures Corp., and Twentieth Century Fox Film Corp.

Upon its verified complaint and certain affidavits, the government moves for a preliminary injunction restraining the so-called Schine defendants from acquiring or operating additional theatres and from opening their closed theatres during the pendency of this suit. The motion is made under Section 4 of the Act of Congress of July 2, 1890 (26 Stat. 209; 15 U.S.C.A. § 4), commonly called the Sherman Anti-Trust Act. The complaint charges that the Schine defendants have combined and conspired with each other and with the distributor defendants to restrain interstate trade and commerce. It also charges that through their circuit buying power and other means the Schine defendants have effectuated a monopoly of exhibition picture films. The charges made by the government are categorically denied by the defendants. In answer to the eighteen affidavits submitted by the government in support of the motion, fifty-nine counter-affidavits have been submitted by the defendants in opposition.

■ It is the claim of the defendants that the plaintiff's right of recovery in this suit is doubtful, and that temporary injunction should not be granted, unless the court is convinced with reasonable certainty that the government will prevail. The government urges that the test under the Sherman Anti-Trust Act is not the rigid rule advanced by the defendants, but that the government is required to make only a prima facie showing of the violation of such Act. In suits in equity not involving the Sherman Act, the court, before granting temporary injunction, must be convinced with reasonable certainty that

the complainant must succeed. This rule is clearly stated in Hall Signal Co. v. General R. Signal Co., 2 Cir., 153 F. 907, 908, wherein the court said: "It is a cardinal principle of equity jurisprudence that a preliminary injunction shall not issue in a doubtful case." Decorative Stone Co. v. Building Trades Council, 2 Cir., 13 F.2d 123; Union Switch & Signal Co. v. Philadelphia & R. R. Co., C.C., 75 F. 1004; High on Injunctions, Sec. 8, are to the same effect. Broadway Theatre, Inc. v. Vitagraph, Inc., 5 Cir., 92 F.2d 445; United States v. Jellico Mountain Coal & Coke Co., C.C., 43 F. 898; and United States v. United Shoe Machinery Co., D.C., 227 F. 507, each of which arose under comparable statutes, lend some support in certain expression to defendants' contention, but present facts different as a basis. This is illustrated in the language of the opinion in United States v. Jellico Mountain Coal & Coke Co., supra, wherein the District Judge pointed out that the statements in the bill were general in their character and quite too barren of any averments of specific facts and further that the granting of the injunction would impose greater injury upon the defendants than upon the public.

■ It is not thought that the rigid rule of decision urged by the defendants is applicable. It is thought that a showing of a prima facie case is sufficient. There are numerous cases arising under the Sherman Anti-Trust Act in which temporary injunctions have been granted. United States v. Debs, C.C., 64 F. 724; Affirmed, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092; United States v. Workingmen's Amalgamated Council of N. O., C. C., 54 F. 994, 26 L.R.A. 158; United States v. Elliott, C.C., 62 F. 801; United States v. Ry. Employees' Dept. of A. F. of L., D.C., 283 F. 479, were cases where acts of violence had been committed and further acts were threatened. While these are not comparable upon the facts, the records disclose that the rule urged by the defendants was not followed. In Workingmen's Amalgamated v. United States, 5 Cir., 57 F. 85, 86, the court said, in part: "The summary of the proof made in the opinion of the judge of the circuit court is fairly supported by the record, and shows that there was proof tending to support the allegations of the bill." In United States v. Nome Retail Grocerymen's Ass'n., D.C.Alaska, 1905, D. & J., 83, the

restraining order recites that plaintiff was entitled to enjoin the defendants upon a prima facie showing. In United States v. Fed. Salt Co., 1 D. & J., 67, a temporary injunction was granted upon the bill of complaint, petition and supporting affidavits only. It does not appear, however, that the order was opposed. In United States v. International Brotherhood of Electrical Workers, 1 D. & J., 427, an injunction was granted upon the complaint and supporting affidavits after a hearing. In Anderson v. United States, 8 Cir., 82 F. 998, as appears from the decree (1 D. & J. 45), the temporary injunction was granted upon the bill and affidavits. United States v. Coal Dealers' Ass'n of Cal., C.C., 85 F. 252, held that it was not necessary to show that irreparable injury would result if the restraining order were not granted. In United States v. Live Poultry Dealers' Ass'n, D.C., 298 F. 139, a preliminary injunction was granted where the application was heard upon the government's petition, supporting affidavits, defendants' answer and opposing affidavits. In United States v. United Shoe Machinery Co., D.C., 227 F. 507 (injunction order 1 D. & J., 593), the application was heard upon the government's petition and opposing affidavits by the defendants. United States v. Hopkins, C. C., 82 F. 529, and United States v. American Column & Lumber Co., D.C., 263 F. 147, are, also, pertinent citations. Thus we see a variety of decisions, both where the question of doubt as to the application of the law has been raised and where there is a dispute as to the material facts.

The complaint discloses two charges: one, a charge of conspiracy involving the question of the liability of all of the defendants; the other, a charge of monopoly and involving the liability only of the Schine defendants. These will be considered separately.

■■ There could seem to be no doubt that the complaint states a cause of action charging a conspiracy in restraint of the trade or commerce among the several states in violation of Section 1 of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1. The affidavits submitted on this motion are voluminous. They have been read with care, as have been the statements of substantial parts of these affidavits set forth in the respective briefs. It is not necessary to point out the particular portions of the affidavits purporting to support the allegations of the complaint. It is sufficient to say that it is believed that these allegations make a prima facie case. Certain acts and declarations by and between the Schine defendants and the distributor defendants therein set forth, if true, are sufficient to establish a conspiracy between them. Assuming there is no direct proof of such acts or declarations between Schine defendants and one or more of the distributor defendants, a conspiracy may be established by facts from which the reasonable inference may be drawn that a conspiracy exists. Interstate Circuit v. United States, 306 U.S. 208, 209, 59 S.Ct. 467, 476, 83 L.Ed. 610. Standing alone and irrespective of the counter affidavits, it is thought that the inferences might reasonably be drawn from the supporting affidavits that Schine defendants combined or conspired with the distributor defendants to restrain interstate trade.

The allegations of the complaint and the proofs submitted upon his petition, if taken as true, bring the case within the rule of law laid down in Interstate Circuit v. United States, supra. There, as here, suit was brought under the Federal Anti-Trust Act against a group of distributors and a group of exhibitors. There the distributors controlled 75 percent of first class feature films. The exhibitors' group operated a large number of theatres in Texas cities, in many of which this group had a complete monopoly of first run theatres in certain ones and dominated the motion picture business in all the cities where their theatres were located. An agreement was entered into between the distributors and the aforesaid groups of exhibitors purporting to fix a minimum admission price, prevent double features under certain conditions and the distribution of films to other theatres in default of the same restrictions. The trial court found a conspiracy between the distributors and the two exhibitor groups. The Supreme Court held that the agreement among the distributors constituted a conspiracy in violation of the Sherman Act; that the restraints in the agreement were unreasonable, and "The effect was a drastic suppression of competition and an oppressive price maintenance, of benefit to Interstate and the distributors but injurious alike to Interstate's subsequent-run competitors and to the public."

Binderup v. Pathé Exchange, Inc., 263 U.S. 291, 44 S.Ct. 96, 100, 68 L.Ed. 308.

is a leading case on the sufficiency of the complaint under a comparable state of facts. Said the court, in part: "The illegality consists, not in the separate action of each, but in the conspiracy in combination of all to prevent any of them from dealing with the exhibitor. * * * The alleged purpose and direct effect of the combination and conspiracy was to put an end to these contracts and * * *, as a necessary corollary, to restrain interstate trade and commerce, in violation of the Anti-Trust Act."

Paramount Famous Lasky Corp. v. United States, 282 U.S. 30, 51 S.Ct. 42, 75 L.Ed. 145; United States v. First National Pictures, Inc., 282 U.S. 44, 51 S. Ct. 45, 75 L.Ed. 151; present features parallel to those shown here.

■ As asserted by the defendants, the buyer or the seller has the right to determine for himself from whom he will buy and to whom he will sell, without running counter to the Anti-Trust law, and no inference of violation is to be inferred by reason of the fact that through the exercise of such right the difficulties of a competitor may be increased. While recognizing these rights, as was done in Federal Trade Com'n v. Raymond Bros.-Clark Co., 263 U.S. 565, 568, 44 S.Ct. 162, 164, 68 L.Ed. 448, 30 A.L.R. 1114, cited by defendants, it is equally true, as stated in the opinion in that case: "An act lawful when done by one may become wrongful when done by many acting in concert, taking on the form of a conspiracy which may be prohibited if the result be hurtful to the public or to the individual against whom the concerted act is directed."

■ The complaint and the proofs make a prima facie case on the charge of conspiracy.

■■ Section 2 of the Sherman Act (15 U.S.C.A. § 2) prohibits the monopoly of "any part of the trade or commerce among the several States * * *." The Schine defendants urge that, in the absence of conspiracy between them and the distributor defendants who are engaged in interstate commerce, it is at least doubtful whether there is any showing of the violation of this provision of the Sherman Act. It is argued that the exhibition of motion picture films made outside the state is intrastate and local in nature and does not violate the law, because it is not aimed directly to the interstate transportation of films. The government does not charge that the control of all theatres in a given town would be illegal. It charges that the Schine defendants having many theatres in different states are liable where they have acquired a monopoly through the granting of unfair privileges to them by the distributors and by the imposition of unreasonable restrictions against competitors through the Schine's circuit buying power. In each of these cases, cited by defendants, Federal Trade Com'n v. Curtis Publishing Co., 260 U.S. 568, 43 S.Ct. 210, 67 L.Ed. 408; Federal Trade Com'n v. Paramount Famous Lasky Corp., 2 Cir., 57 F.2d 152; Federal Trade Com'n v. Raymond Bros.-Clark Co., supra, a single party was involved who was not shown to be in a position to dominate trade in any class of commodities. Again referring to the opinion in Federal Trade Com'n v. Raymond Bros.-Clark Co., supra, we quote: "The present case discloses no elements of monopoly or oppression. So far as appears the Raymond Company has no dominant control of the grocery trade, and competition between it and the Stores Company is on equal terms."

The test is not whether the local activities of the Schine defendants were aimed directly to the interstate transportation of films but rather whether such activities directly affect interstate commerce. It rather is whether the activities of the Schine defendants restrain interstate commerce. Local 167 of International Brotherhood of Teamsters v. United States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804; and cases cited; Eastern State Retail Lumber Dealers, Inc. v. United States, 234 U.S. 600, 34 S.Ct. 951, 58 L.Ed. 1490, L.R.A.1915A, 788. Mere local activities disassociated with any illegal combination or agreement, it is true, is not sufficient to bring these defendants within the prohibition of the Sherman Act. United Mine Workers v. Coronado Coal Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 915, 27 A.L.R. 762; Industrial Ass'n v. United States, 268 U.S. 64, 45 S.Ct. 403, 69 L.Ed. 849; Utah-Idaho Sugar Co. v. Federal Trade Com'n, 8 Cir., 22 F.2d 122. We are not concerned now with the question of any illegality of the act of the distributors.

■■ Where a company owns and operates a large number of motion pic-

ture theatres in numerous towns in a number of states; where the picture films necessary for the operating of moving picture theatres are largely owned by a few distributors; where such company through its large circuit buying power is enabled to procure special concessions and conditions not given its competitors; where by reason of such concessions or conditions and by threats that they would be unable to procure adequate films, competition has been suppressed or prevented; where the public has been deprived of the benefits of fair competition in a business in wide and general use and where the company had a monopoly of the feature films in many locations, such acts and conduct, when considered in connection with the fact that the business of moving picture theatres, as here, is wholly dependent on the transportation of films in interstate commerce, may constitute restraint of trade in violation of the Anti-Trust Act. Whether the Act is thus violated is dependent on whether there has been a course of conduct and a series of acts directed to the end to suppress and prevent competition in numerous situations where the Schines have theatres. This is to be determined on the trial.

■ ■ It is not essential that Schine defendants shall have extended their monopoly as against all exhibitors. "The commerce referred to by the words '[any] part,' * * * includes any portion of the United States and any one of the classes of things forming a part of interstate or foreign commerce." Standard Oil Co. v. United States, 221 U.S. 1, 31 S. Ct. 502, 516, 55 L.Ed. 619, 34 L.R.A.,N.S., 834, Ann.Cas.1912D, 734. Indiana Farmer's Guide Pub. Co. v. Prairie Farmer Pub. Co., 293 U.S. 268, 55 S.Ct. 182, 79 L.Ed. 356. Support for this view is found in these and other decisions: United States v. Patten, 226 U.S. 525, 33 S.Ct. 141, 57 L.Ed. 333, 44 L.R.A.,N.S., 325; Local 167 International Brotherhood of Teamsters v. United States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804; Interstate Circuit v. United States, supra; United States v. Williams, 5 Cir., 295 F. 302, certiorari denied, 265 U.S. 591, 44 S.Ct. 636, 68 L.Ed. 1195; Binderup v. Pathe Exchange, Inc., supra. It is also in accord with Standard Oil Co. v. United States, supra, and United States v. American Tobacco Co., 221 U.S. 106, 31 S.Ct. 632, 55 L.Ed. 663; Industrial Ass'n of San Francisco v. United States, 268 U.S. 64,

45 S.Ct. 403, 69 L.Ed. 849, and cases heretofore cited. While there may be some doubt as to applicability of the monopoly statute to cases like the instant one, at this time such doubt should be decided in plaintiff's favor, and it should be held that the complaint, together with supporting affidavits, is sufficient to establish a prima facie case of monopoly in violation of Section 2 of the Sherman Anti-Trust Act. It is obvious that any decision on this question is not controlling on this motion in view of the determination on the conspiracy charge.

■ The statute provides that this court may "make such temporary restraining order or prohibition as shall be deemed just in the premises." Section 4. We have explained that the government seeks an injunction preventing expansion of the Schine circuit during the pendency of this suit. It contends that the acquisition of more theatres by these defendants will render more difficult the task of dissolution of the Schine circuit, if ordered. The Schine defendants oppose the motion not only on the ground that a temporary injunction can not legally be granted but also on the ground that they have in prospect the purchase of a considerable number of theatres from several individuals and that prevention or postponement of these purchases will result in irreparable injury to this defendant. The distributor defendants also oppose, claiming that indirect injury will result to them through decreased opportunities of sales. As stated by the government, an issue to be determined is "Whether the issuance of the injunction sought by the government is 'just in the premises.'" As was said in Maple Flooring Mfrs' Ass'n v. United States, 268 U.S. 563, 45 S.Ct. 578, 583, 69 L.Ed. 1093: "Each case arising under the Sherman Act must be determined upon the particular facts disclosed by the record."

So assuming that the plaintiff has made out a prima facie case upon the particular facts in this record, is the issuance of an injunction "just in the premises"? This presumes the right in the court to exercise some discretion. The court has not had the opportunity to hear or see the affiants herein. It is in no position to prejudge a result of this suit. No reason is shown why a trial can not soon be had. It does not seem to the court that the acquisition of a few additional theatres would either delay or seriously embarrass

276

the government in the trial of this suit. Indeed, a greater loss threatens the defendants if more theatres are acquired and if the government prevails. It seems that the rights of all the parties can be reasonably protected if the motion for preliminary injunction is denied, upon the condition, however, that it may be renewed upon the showing that the Schine defendants have acquired or are about to acquire additional theatres or have opened or are about to open any closed theatres under circumstances showing intimidation, threats or coercive tactics directed to any competitor or prospective competitor. This seems "just in the premises." The purpose intended is here shown. The specific terms of the order may be agreed upon, or they can be hereafter fixed by the court.

■ The defendant United Artists Corporation moves to strike from the complaint paragraph 5 of the prayer for relief. It is claimed that by the establishment of every allegation in the complaint the plaintiff would not be entitled to the relief sought in this section. In effect, the paragraph asks that the defendants be restrained from licensing feature pictures for exhibition "except upon a local competitive basis * * * without regard to whether those theatres or any of them * * * constitute a part of a circuit of theatres." It is argued that neither the Sherman Act nor the Clayton Act (38 Stat. 730) requires that sales must be made upon a local competitive basis and that it is therefore not a proper part of the prayer for relief. United States v. Colgate & Co., 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992, 7 A.L.R. 443; Great A. & P. Tea Co. v. Cream of Wheat Co., 2 Cir., 227 F. 46, are cited as supporting the principle that the manufacturer has the right to sell to whom he pleases. It is claimed by United Artists further that removal of this paragraph will shorten the trial, since it will eliminate the trying of a false issue. The presence of this paragraph will probably make no difference with the length of trial. The proof will be confined to the allegations of the complaint. What constitutes "local competitive bidding" and whether such is illegal should be left for determination on the trial. The evidence in support of the allegations of the complaint will be the same whether it is included or whether not. It may not be necessary as a part of the prayer for relief. At the most it might be said to be harmless. On the trial the court will grant such a decree as it believes the proofs reasonably comprehend. This motion must be denied.